ENTERED
SEP 2 0 2006
K.R.W.

FILED
o'clock & ___ min
SEP 2 0 2006
United States Bankruptcy Court
Columbia, South Carolina (s)

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 05-06152-JW |
|---|---|
| | Chapter 7 |
| Pegasus Management and Investment, Inc., | ORDER |
| Debtor(s). | |

This matter comes before the Court upon an Application for Final Report and Account ("Application") filed by Ralph McCullough ("Trustee") as trustee for Pegasus Management and Investment, Inc. ("Debtor"). Christopher M. DuBose ("DuBose") opposes the Application. Pursuant to Fed. R. Bankr. P. 5009 and 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1.  Debtor is incorporated under the laws of the State of Georgia.

2.  Prior to the petition date, DuBose's voting shares in Debtor were exchanged for non-voting shares.

3.  Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on May 27, 2005.

4.  The voluntary petition was signed by Michael Cohen, as vice president of Debtor. The petition indicates that Cohen was authorized to file this case on behalf of Debtor.

5.  Ralph McCullough ("Trustee") was appointed as chapter 7 trustee of Debtor.

6.  Since this case was filed, Trustee has liquidated assets of the estate, through numerous asset sales and settlements.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

7. The Application contains a certification from Trustee that he has fully administered Debtor's estate and is prepared to make a final disbursement from property of the estate, itemized on a form filed by Trustee.

8. DuBose does not have a claim against Debtor's estate.

9. DuBose, on behalf of himself and Southeastern Title Loans SG, Inc., opposes the Final Report and Account on grounds that he did not receive proper notice of the case, that Debtor failed to list him as a creditor, and that Debtor is disposing of assets which do not belong to the estate. Though not raised in his pleadings, DuBose also challenged the filing of this case as a voluntary case on grounds that Michael Cohen lacked the authority to file the petition.

## CONCLUSIONS OF LAW

Fed. R. Bankr. P. 5009 provides: "[i]f in a chapter 7 ... case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered." There is little case law on an objection to a final report; however, courts have noted that this final act of administration could very well be a ministerial act about which debtors and other parties receive no notice. See In re Hart, 76 B.R. 774, 776 (Bankr. C.D. Cal. 1987). There appears to be no clear standard in this Circuit as to the criteria courts should consider in determining whether to approve a final report, in light of an objection; however, given the clear language of Rule 5009, it appears that DuBose must present some evidence that Debtor's estate has not been fully administered and that distribution should not be made. See id. (discussing the absence of guidance on determining whether a case has been "fully administered"); In re Blevins, 255 B.R. 680, 684 (W.D.N.C. 2000) (affirming the bankruptcy court's approval of a final report, over an objection, where it appeared that the trustee was making proper distributions).

2

DuBose argues that the Final Report and Account should be denied because Debtor did not list DuBose as a creditor. The Court has previously found that DuBose does not have a valid claim against the estate and therefore this position, to the extent it indicates that Debtor's estate has not been fully administered, lacks merit. In a related argument, DuBose argues that the Application should be denied because he did not receive proper notice of this case. The relationship between DuBose, a non-creditor, receiving adequate notice of this case and the inference that this case has not been fully administered is tenuous at best. Although DuBose was not listed on the initial mailing matrix, he has participated extensively in this case and a related adversary proceeding. Nevertheless, the Court finds, to the extent that notice to DuBose bears upon the administration of the estate, that DuBose had adequate notice of this case. See In re Linkous, 990 F.2d 160, 162 (4th Cir. 1999) (holding that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

DuBose also challenges disbursements that Trustee proposes to make on grounds that Trustee is distributing property that does not belong to Debtor but rather to Southeastern Title Loans SG, Inc., a South Carolina corporation of which DuBose purports to be the majority shareholder. Trustee introduced, without objection, evidence that Southeastern Title Loans SG, Inc. is a subsidiary of Debtor pursuant to an Internal Revenue Service form, signed by DuBose as president of Debtor, on or about November 5, 2003. DuBose failed to present credible evidence that Southeastern Title Loans SG, Inc. was not a subsidiary of Debtor and therefore Debtor lacked the right to liquidate the assets of this corporation. Although it is not clear which assets DuBose claims belongs to Southeastern Title Loans SG, Inc., neither DuBose nor Southeastern Title Loans SG, Inc. appealed or moved to reconsider or moved set aside any of the previous

orders in this case dealing with the liquidation of Debtor's assets, despite the fact that DuBose has received various notices in this case and previously objected to the sale of assets under a similar theory to the one now raised. Further, this matter was not properly raised by DuBose as the determination as to an interest in property is an adversary matter pursuant to Fed. R. Bankr. P. 7001(2).

Finally, DuBose challenges any administration of Debtor's assets on grounds that the petition in this case was not properly authorized. A case may be dismissed where the filing party lacked the authority to file the petition for the debtor. See In re Elgin's Paint and Body Shop, Inc., 249 B.R. 110, 112 (Bankr. D.S.C. 2000) (interpreting South Carolina law). As discussed in Elgin's, a party filing on behalf of a corporation must be specially authorized to file a bankruptcy petition by the corporation's board of directors or otherwise authorized to file the petition under the corporation's articles of incorporation or by a shareholder agreement. See id. (citing S.C. Code Ann. § 33-8-101 (1976)); In re Valles Mechanical Industries, Inc., 21 B.R. 542 (Bankr. N.D. Ga. 1982) (interpreting Georgia law). As there is not an absolute right to dismiss a chapter 7 bankruptcy, the party seeking to dismiss the case bears the burden of demonstrating cause for dismissal. See In re Kirven, 188 B.R. 15, 16 (Bankr. D.S.C. 1994).

DuBose failed to present any evidence that Cohen's action of filing the petition was not authorized by Debtor's board of directors, the articles of incorporation, or by a shareholder agreement. The petition indicates that Cohen had the authority to file and DuBose has failed to rebut the presumption that Debtor was entitled to relief based upon the petition filed. See In re Blumeyer, 297 B.R. 583, 584 (Bankr. W.D. Mo. 2003) (finding, in the absence of clear authority to the contrary, the better practice is for the court to presume that the debtor was entitled to relief under the petition filed for the debtor by another party). DuBose also failed to present evidence that he is a majority shareholder or on Debtor's board of directors. To the contrary, both Trustee

and DuBose presented evidence that DuBose's shares in Debtor were exchanged for non-voting shares prior to the petition thereby indicating that DuBose lacked authority to act for Debtor. As DuBose bears the burden of proof, his challenge to the filing of this case must be denied. See id.

Assuming Cohen was not initially authorized to file the petition and that such action could only be authorized by DuBose, the Court finds that the petition has been ratified by DuBose's failure to seek dismissal prior to the hearing on the Application. See Valles Mechanical Industries, 21 B.R. at 543 (finding the unauthorized filing of a bankruptcy petition by a corporation may be ratified by the appropriate corporate officers after the petition date). As discussed above, DuBose has participated extensively in this case and the related adversary and filed numerous pleadings. Although DuBose had sufficient notice of this case, he failed to raise the argument he now advances until after the sale of assets and until the eve of the closing of this case. By his silence, he has acquiesced to the filing of this case and thereby ratified the petition, assuming the petition was not properly authorized when filed and that DuBose alone had the authority to file the petition. See Multi-Media Holdings, Inc. v. Piedmont Center, 262 Ga.App. 283, 583 S.E.2d 262, 264 (Ga. Ct.App. 2003) (noting that a corporate act can be ratified by mere silence).

Based upon the foregoing, Trustee's Application is approved. DuBose's objections are denied. Trustee may promptly make the distributions proposed in the Application.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
September 20, 2006